*18 OPINION.
Graupner:
The first question — that of whether the taxpayer kept its books of account on an accrual basis — is not difficult of solution. We found as a fact, above, that the taxpayer carried inventories and notes and accounts receivable and payable on its books, and in determining its income these items were given consideration. In view of these facts we can not hold otherwise than that the taxpayer operated on an accrual basis. The mere fact that some deferred charges and credits to income may not have been included in the accounts carried can not destroy the principle upon which the system of accrual bookkeeping is based.
The second question — whether the taxpayer is entitled under section 284 of the Revenue Act of 1918 to deduct from gross income for 1918 that portion of the fees paid in that year for inspections made in prior years — depends upon when the liability for payment accrued. The statute levying the inspection fees provides that “ Such fees shall be payable at the time of inspection: * * These fees are plainly in the same category as state taxes and will *19 be so considered here. The fact that a number of corporations contested the validity of the act imposing the fees has no effect upon the date when they were payable. Throughout the years here involved the fees were payable at the time of inspection. In the Appeal of Jamestown Worsted Mills, 1 B. T. A. 659, we stated in our opinion that a tax which is due and owing has accrued. In line with that decision we hold here that the inspection fees accrued at the time the inspections were made and that the amount paid in 1918 to cover inspections made in prior years is not deductible from gross income in the year 1918.